RECEIVED
IN CLERK'S OFFICE
DEC 1 4 2011
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JOHN A. VEASY

    Plaintiff,

v.                                         Docket No.
                                            Jury Demand

TEACH FOR AMERICA, INC.

    Defendant.

## COMPLAINT

Comes the plaintiff, John A. Veasy, by and through counsel, and would state the following:

## PARTIES

1.     Plaintiff, **[hereinafter plaintiff or Mr. Veasy]** is an African-American male and a citizen and resident of the State of Tennessee. Plaintiff resides within the confines of the jurisdiction of this court. At the time the events described herein, plaintiff was 62 years of age.

2.     Defendant, Teach For America, Inc., **[hereinafter TFA]**, is a foreign corporation formed in the State of Connecticut. The registered agent for service of process in this State is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C.A. § 621 et seq and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, 1981 and 1981a. Plaintiff has received a Notice of Right to Sue from the EEOC which was issued on September 30, 2011.

4. Venue is proper in that the acts complained of occurred within the confines of the jurisdiction of this court.

## FACTS

5. Plaintiff is a 64 year old African-American male who holds numerous degrees in higher education including Associate Degrees in Applied Science and Business Administration, a Bachelors Degree in Business Administration and a Master of Science in Management and Supervision. He graduated magna cum laude from Wilmington College in 1982. Plaintiff also has an extensive work background which includes 20 years in the United States Air Force and 17 years at Embraer Aircraft Maintenance Services where he served as Vice-President in the Human Resource Department where he eventually retired. Plaintiff also has an extensive background in the field of education.

6. After retirement plaintiff had a strong desire to give back to the community in what ever way he could. His chance came when, in October

2008, he saw an announcement in the local paper stating that TFA was coming to Nashville, Tennessee. The Mayor of Nashville committed to funding 50 positions to be filled to teach in the cities highest-risk schools.

7. In order to apply and be accepted to TFA one must hold a bachelor's degree from an accredited college or university, have an undergraduate cumulative GPA of at least 2.50 on a 4.00 scale and must be a US citizen. Plaintiff's qualifications exceeded these requirements. Plaintiff graduated from college with a 3.53 GPA.

8. Plaintiff applied for a position with TFA in November 2008. There were several steps through which an applicant must go in order to determine whether or not they are accepted for a position. Plaintiff went through all steps and was selected for a final interview. During this process the only other applicants were ranging in age from 19 to 21 years. Being a bit confused, plaintiff asked the interviewers if there was an age restriction because it appeared no one was over 21 years old. The interviewers laughed and said no but they appeared to be surprised that someone like the plaintiff would apply.

9. On the same day of his final interview, plaintiff noticed that the majority of the other finalists were not only young, but white. Also, the persons interviewing plaintiff were less than 35 years old. At the time of his interviews, plaintiff was a 62-year-old African-American and disabled military veteran.

10. Plaintiff received a letter turning down his application and, after receiving said letter, attempted to find out why he had been rejected. Plaintiff was told that TFA does not talk to any applicant about their decisions and gave him no reason for his rejection.

3

11. On defendant's website it is advertised that they wanted core members from any background, especially minority candidates to teach in low performing and disadvantaged schools in the inner cities.

12. Plaintiff would submit that but for his age and race he would have been hired and that age and race were the motivating factors for his denial of employment. Further, plaintiff later found out through the EEOC investigation that the defendant stated he was not hired because he was not the strongest candidate and did not give the impression that he was genuinely interested in being a classroom teacher for two years. This reason is nothing more than a pretext meant to disguise the real reasons which were that he was black and 62 years old. Defendants' conduct as described above was willful, intentional, reckless, malicious, and/or fraudulent which merit an award of punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff would pray as follows:

1. That the defendant be served with a copy of this Summons and Complaint and be required to answer within the time prescribed by law.

2. That the plaintiff be awarded damages in an amount of $750,000.00 for lost wages, front pay, liquidated damages and punitive damages in the amount of $1,000,000.00. That plaintiff be awarded all damages available under the ADEA.

3.  That the plaintiff be awarded reasonable attorney's fees and that the cost of this cause be assessed against the defendant.

4.  That a jury be empanelled to hear this case.

Respectfully submitted,

s/James L. Harris No. 014173
s/Robert J. Shockey No. 2092
Attorney at Law
2400 Crestmoor Road
Nashville, Tennessee 37215
Phone 615-260-3677
Fax 615-297-6855
jhar401@comcast.net