UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN A. VEASY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:11-cv-01179 |
| v. ) | |
| ) | Judge Aleta A. Trauger |
| TEACH FOR AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The plaintiff has filed a Motion to Amend (Docket No. 15) ("Motion to Amend"), a Proposed Amended Complaint (Docket No. 17), and an Affidavit of Plaintiff, John A. Veasy (Docket No. 18) ("Veasy Affidavit").

The plaintiff originally filed a Complaint on December 14, 2011. (Docket No. 1.) On February 17, 2012, the defendant timely filed a Motion to Dismiss the Complaint (Docket No. 6), to which it attached a supporting declaration (Docket No. 6, Ex. A, Declaration of Bradley Leon). Because the Motion to Dismiss the Complaint presented matters outside the pleadings, the court considered the motion as one for summary judgment and granted the parties until March 22, 2012 to submit any additional affidavits or material that would be pertinent to the conversion of the pending Motion to Dismiss. (Docket No. 14.)

In response, on March 9, 2012, the plaintiff filed the instant Motion to Amend, which purports to seek leave of court to file the Proposed Amended Complaint. The plaintiff also filed the Veasy Affidavit, in which the plaintiff states certain additional facts and attaches what appear to be marked-up versions of the parties' position statements to the Equal Employment Opportunity Commission concerning the plaintiff's administrative discrimination filing. (Veasy

Affidavit, Exs. 2-3.) The court interprets the Veasy Affidavit as filed in response to the Motion to Dismiss, in compliance with the court's order converting that motion into one for summary judgment.

Under Fed. R. Civ. P. 15(a)(1)(B), a plaintiff may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Here, the defendant filed its Motion to Dismiss on February 17, 2012. The plaintiff filed the Motion to Amend and Proposed Amended Complaint on March 9, 2012, 21 days after service of the Motion to Dismiss. Therefore, under Rule 15(a)(1)(B), the plaintiff was not required to seek leave of court to file the proposed Amended Complaint.

For clarity of the record, the plaintiff will be permitted to re-file the "Proposed Amended Complaint" as an "Amended Complaint."[1] This pleading will be regarded as a timely amendment as a matter of course pursuant to Rule 15(a)(1).

Because the Complaint will no longer be operative, the pending Motion to Dismiss will be denied as moot.[2] Once the Amended Complaint is re-filed, the defendant may respond to the Amended Complaint in accordance with the applicable rules. (*See, e.g.*, Fed. R. Civ. P. 15(a)(3).)

## CONCLUSION

By March 16, 2012, the plaintiff is **ORDERED** to re-file the "Proposed Amended Complaint" as an "Amended Complaint", which shall be treated as a timely amendment as a matter of right pursuant to Rule 15(a)(1). All time limits for a response by the defendant shall

---

[1] Other than changing the title of the document from "Proposed Amended Complaint" to "Amended Complaint," the plaintiff shall make no changes to the allegations in the document previously filed at Docket No. 17.

[2] The court will not consider the Veasy Affidavit, which appears to have been filed in response to the Motion to Dismiss.

run from the date the Amended Complaint is filed in compliance with this order.

The Motion to Amend (Docket No. 15) is **DENIED AS MOOT**.  The Motion to Dismiss (Docket No. 6) is **DENIED AS MOOT** without prejudice.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge